# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1935V
UNPUBLISHED

| | |
|---|---|
| JAMES PHILLIPS,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: August 28, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Lisa Ann Watts, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On December 13, 2017, James Phillips filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of a flu vaccine he received on December 28, 2016. Petition at ¶¶1, 3-4. Petitioner further alleges that his injury last for more than six months. Petition at 2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 5, 2019, a ruling on entitlement was issued finding Petitioner entitled to compensation for GBS. On August 28, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded a total of $214,201.07, representing $175,000.00 for Petitioner's past and future pain and suffering, and $39,201.07 which represents full satisfaction of a State of Tennessee Medicaid lien.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following:**

(1) A lump sum payment of **$175,000.00**, in the form of a check payable to Petitioner, and

(2) A lump sum payment of **$39,201.07**, representing compensation for satisfaction of the State of California Medicaid lien, payable jointly to Petitioner and to:

> **BlueCross BlueShield of Tennessee**
> **ATTN: Tammy Miller**
> **1 Cameron Hill Circle, Suite 0008**
> **Chattanooga, TN 37402-0008**
> **Medicaid account number: M12003291**

Petitioner agreed to endorse this payment to BlueCross BlueShield of Tennessee**.** These amounts represent compensation for all damages that would be available under § 15(a). The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                  **s/Brian H. Corcoran**
                                                  Brian H. Corcoran
                                                  Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JAMES PHILLIPS,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | No. 17-1935V<br>Chief Special Master Corcoran<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On April 4, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act.  Thereafter, on April 5, 2019, the Court issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for his Guillain-Barré syndrome ("GBS") following receipt of an influenza vaccine on December 18, 2016.

**I.     Compensation for Vaccine Injury-Related Items**

Based on the evidence of record, respondent proffers that petitioner should be awarded **$175,000.00** for his past and future pain and suffering.  This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), with the exception of the reimbursement of the Medicaid lien, below.  Petitioner agrees.

Respondent further proffers that petitioner should be awarded funds to satisfy a State of Tennessee Medicaid lien in the amount of **$39,201.07**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Tennessee may have against any individual as a result of any Medicaid payments that the State of Tennessee has made to or on behalf of James Phillips from the date of his eligibility for benefits through the date of

judgment in this case as a result of her vaccine-related injury suffered on or about December 28, 2016, under Title XIX of the Social Security Act. Petitioner agrees.

**II.     Form of the Award**

Respondent recommends that the compensation provided to petitioner be made through two lump sum payments as described below:

(1) The parties recommend that compensation provided to petitioner should be made through a lump sum payment of **$175,000.00**, in the form of a check payable to petitioner.[1] Petitioner agrees.

(2) A lump sum payment of **$39,201.07**, representing compensation for satisfaction of the State of California Medicaid lien, payable jointly to petitioner and to:

> BlueCross BlueShield of Tennessee
> ATTN: Tammy Miller
> 1 Cameron Hill Circle, Suite 0008
> Chattanooga, TN 37402-0008
> Medicaid account number: M12003291

Petitioner agrees to endorse this payment to BlueCross BlueShield of Tennessee.

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

Respectfully submitted,

ETHAN P. DAVIS
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

3

                            HEATHER L. PEARLMAN
                            Assistant Director
                            Torts Branch, Civil Division

                            <u>s/ Lisa A. Watts</u>
                            LISA A. WATTS
                            Senior Trial Attorney
                            Torts Branch, Civil Division
                            U.S. Department of Justice
                            P.O. Box 146
                            Benjamin Franklin Station
                            Washington, D.C.  20044-0146
                            Telephone: (202) 616-4099

Dated:  August 28, 2020